PAUL B. BEACH, State Bar No. 166265
DANIEL LEE, State Bar No. 236811
pbeach@lbaclaw.com; dlee@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Margaret York, Victor Turner,
Hector Lemus, Ronald Brock, and Sandra Miloszar

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RENE WOLF,<br><br>           Plaintiff,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>           Defendants. | Case No. CV 09-03601 PSG (PJWx)<br><br>Magistrate Judge Patrick J. Walsh<br><br>[~~PROPOSED~~] ORDER GRANTING PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS TO BE PRODUCED IN RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET TWO) |

Having reviewed and considered the Parties' Stipulation For Protective Order Re: Confidential documents to be produced in response to Plaintiff's Requests for Production of Documents (Set Two), IT IS HEREBY ORDERED that:

**I.     Introduction And Statement Of Good Cause.**

1.     The Plaintiff in this action is Rene Wolf (hereinafter, "Plaintiff").

2.     The Defendants in this action are the County of Los Angeles, Margaret York, Victor Turner, Hector Lemus, Ronald Brock, and Sandra Miloszar ("Defendants" or "the Disclosing Parties").

3. This case arises from Plaintiff's allegations that he was retaliated against and demoted during his probationary period as a Sergeant with the Office of Public Safety ("OPS"), a law enforcement agency. Plaintiff, in discovery, seeks the production of OPS Internal Affairs Investigation File No. IAU 08-059.

4. Defendants are very concerned that dissemination of the Internal Affairs file would compromise the privacy rights of Defendants and numerous other third-party individuals who cooperated with the Internal Affairs investigation.

5. In light of the aforementioned facts, and given the strong public policies in favor of protecting the privacy of third-party individuals who cooperate in law enforcement investigations, the Court finds that it is necessary and proper to enter an order carefully limiting the use and dissemination of the information, documents, and materials that are the subject of this Order.

**II.     The Confidential Materials.**

6. This Protective Order shall protect from unauthorized disclosure of the information, documents, and materials (collectively, "Confidential Material") disclosed by the Disclosing Party in this action, including, but not limited to, the subject investigation, documents relating to the investigation, and the information contained therein as well as a CD-ROM containing audio-taped interview statements.

7. Confidential Material shall be classified as confidential by marking copies of them with "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER". Marking "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" on the CD-ROM shall classify all video material within as confidential, unless otherwise indicated by the Disclosing Parties. Other unambiguous written notice that material is being classified as confidential also shall be sufficient.

///

///

### III. Use And Dissemination Of The Confidential Materials.

8. Immediately upon production of the Confidential Material, Plaintiff's counsel shall personally secure and maintain said material in their possession. Plaintiff's counsel shall not cause or knowingly permit disclosure to any person or entity of the contents of the Confidential Material in any manner, including orally, any statement or information, or portions thereof, beyond the disclosure permitted under the terms and conditions of this Order.

9. The Confidential Materials shall be used solely in connection with this case, not for any other purpose, and shall not be disclosed to anyone except as provided herein. No person to whom Confidential Materials is disclosed shall cause or permit it to be used for any other purpose.

10. Any copies, summaries, abstracts, notes, extracts of the contents or other documents derived from the Confidential Materials are protected to the same full extent under this Order, and shall not be disclosed, disseminated, or conveyed in any way to anyone except as provided herein.

11. Production of Confidential Materials shall be made solely to Plaintiff's counsel and Plaintiff's counsel may not disseminate that information to any person or entity, for any purpose, absent a prior court order, except that Confidential Materials may be provided to an investigator or an expert actively assisting Plaintiff's counsel in the prosecution of this action.

12. In the event Plaintiff's counsel finds it necessary to employ an investigator and/or expert, prior to the disclosure of any Confidential Materials, Plaintiff's counsel shall first cause the substance of this Order to be communicated to any such person and provide him or her with a copy of this Order, and shall cause him or her to execute, on a second copy, the following acknowledgment:

"I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in this

3

WOLF\[Prop] Order - Protective Order

action (USDC Case No. CV 09-03601 PSG (PJWx)) and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use, and disclosure of the confidential material and the information contained therein.  I agree to only use the confidential material and the information contained therein only in preparation for this case (USDC Case No. CV 09-03601 PSG (PJWx)) and will not disseminate the confidential material and the information contained therein to the public or to any other person before, during, or after the conclusion of this litigation.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this nondisclosure Order.

Dated: _____/s/_____"

Plaintiff's counsel shall retain custody of this acknowledgement.

13. If Confidential Materials are used, directly or indirectly, in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "CONFIDENTIAL".  A copy of this Order shall be attached as an exhibit to said deposition transcript and the court reporter shall be subject to said Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant action.  Furthermore, any audiotape and/or videotape of said deposition shall be subject to this Order.  A copy of this Order shall be attached as an exhibit to said audiotape and/or videotape and the court videographer shall be subject to this Order and precluded from providing the original deposition videotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record.  Any audiotape shall similarly be subject to this Order and all persons shall be precluded from providing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies

4

1 thereof, to any persons or entities other than counsel of record in the instant
2 litigation.

3     14.    Additionally, anyone other than the following persons shall be
4 precluded from attending any deposition whereat any Confidential Materials are
5 used: Plaintiff's counsel, Disclosing Parties' counsel, the court reporter, the court
6 videographer, if any, and any of the named parties in this action. Those attending
7 any depositions using Confidential Materials shall not disclose to any person or
8 entity not otherwise entitled to the confidential information, in any manner,
9 including orally, any statements made by the deponents during the course of said
10 depositions and any such disclosure shall be construed as a violation of this
11 Order.

12     15.    If Plaintiff or his counsel are served with a subpoena or other request
13 seeking Confidential Material and/or the confidential information therein,
14 Plaintiff's counsel shall immediately give written notice to Disclosing Parties'
15 counsel, identifying the Confidential Materials and/or confidential information
16 sought and the time in which production or other disclosure is required, and shall
17 object to the request or subpoena on the grounds of this Order so as to afford the
18 Disclosing Parties an opportunity to obtain an order barring production or other
19 disclosure, or to otherwise respond to the subpoena or other request for
20 production or disclosure of confidential documents. In no event should
21 production or disclosure be made without written approval by the Disclosing
22 Parties' counsel unless required by Court order.

23     16.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or
24 other written submissions (collectively "papers") filed by Plaintiff with the Court,
25 which contain, reflect, incorporate or refer to Confidential Materials, shall be
26 accompanied by an application to file the papers under seal pursuant to Local
27 Rule 79.5, absent further order of this Court. Pending a ruling on the application,
28 the papers that are the subject of the application shall be lodged under seal.

WOLF\[Prop] Order - Protective Order

17. The parties acknowledge that use of the aforementioned materials may be necessary if this matter proceeds to trial. The parties agree to meet and confer prior thereto about the fairest and most efficient means of utilizing the Confidential Materials at trial.

18. Nothing herein shall prejudice Disclosing Parties' rights to object to the introduction of any Confidential Materials into evidence on any grounds including, but not limited to, relevance and privilege.

19. Nothing in this Protective Order shall prohibit or prevent any employee or representative of the County of Los Angeles from using the Confidential Materials in the normal course of their job duties and to share the documents with other authorized personnel.

20. No more than thirty (30) calendar days after the judgment in this matter becomes final, Plaintiff, Plaintiff's counsel, and every other person and/or entity who received originals or copies of the Confidential Materials shall return all originals and copies of the Confidential Materials to Defendant County of Los Angeles, care of: Paul B. Beach, Lawrence Beach Allen & Choi, PC ("LBAC"), 100 West Broadway, Suite 1200, Glendale, California, 91210-1219. In the event any counsel/person/entity does not return any Confidential Materials within thirty (30) days following termination of the instant action (USDC Case No. CV 09-03601 PSG (PJWx)), such counsel/person/entity shall within the same time period provide defense counsel with a signed declaration, based upon personal knowledge, verifying under penalty of perjury under the laws of the State of California, that all such originals and copies were destroyed.

///
///
///

1 | 21. This Order shall survive the termination of this action, and the Court
2 | retains jurisdiction to resolve any dispute concerning the disclosure or use of the
3 | Confidential Material disclosed pursuant to this Order.

IT IS SO ORDERED.

Dated: June 28, 2010   _____
　　　　　　　　　　　　　　　　　Magistrate Judge Patrick J. Walsh

WOLF\[Prop] Order - Protective Order